UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VINCENT P. FALCI, | : |
| Petitioner, | : Civ. No. 20-8962 (RK) |
| v. | : |
| UNITED STATES OF AMERICA, | : **MEMORANDUM & ORDER** |
| Respondent. | : |

**KIRSCH, District Judge**

Petitioner was convicted at trial on one count of securities fraud and three counts of wire fraud. *See* J. Conviction, May 23, 2019, Crim. No. 17-228 ECF. No. 95 at 1. He is currently serving a sentence of 180 months imprisonment. *See id.* at 2.

Petitioner is proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 1.[1] Petitioner raises two claims in this action. In Claim 1, Petitioner states that defense counsel, Mr. John H. Yauch, Esq., an Assistant Federal Public Defender, was ineffective during the plea negotiation process when he failed to notify Petitioner of the elements that the government was (and was not) required to prove for a conviction. *See* ECF No. 1 at 4. According to Petitioner, this purported ineffectiveness by Mr. Yauch led Petitioner to reject government plea offers of eighty-four months imprisonment if Petitioner pled guilty to one count of securities fraud. In Claim 2, Petitioner asserts Mr. Yauch provided ineffective assistance of counsel at trial by failing to provide any defense whatsoever on the wire fraud counts. *See id.* at 5.

---

[1] Citations to the record filed in this § 2255 action do not include the Civil Action Number in front of the ECF Number.

The Court finds that, in an abundance of caution, an evidentiary hearing is warranted on Claim 1 only. Petitioner and Mr. Yauch appear to differ in certain respects regarding the nature and extent of their conversations prior to and ultimately culminating in Petitioner's rejection of the government's plea offers. Testimony from Petitioner and Mr. Yauch may be helpful to the Court in deciding Claim 1.

The Court reserves judgment on Clam 2 until such time as Claim 1 is decided.

Accordingly, IT IS on this 2nd day of January, 2024,

ORDERED that an evidentiary hearing is granted only on Claim 1 of Petitioner's § 2255 motion – ineffective assistance of counsel for purportedly failing to notify Petitioner of the elements the government needed to prove for a conviction; and it is further

ORDERED that Petitioner shall be appointed counsel to represent him at the evidentiary hearing pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A; and it is further

ORDERED that the Court reserves judgment on Claim 2 of Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 until such time as Claim 1 is decided; and it is further

ORDERED that for docket management purposes only, the Clerk shall administratively terminate this case until such time as Petitioner is appointed counsel whereby this matter will then be reopened by the Clerk; and it is further

ORDERED that once counsel is appointed, the Court will then confer with the parties and set a schedule for an evidentiary hearing only on Claim 1 of the § 2255 motion; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Petitioner by regular U.S. mail.

ROBERT KIRSCH
United States District Judge